IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. MALARIK, | ) |
|     Plaintiff, | ) Civil Action No. 07 - 1500 ) |
| v. | ) Chief District Judge Donetta W. Ambrose ) ) Magistrate Judge Lisa Pupo Lenihan |
| OFFICE OF DISTRICT ATTORNEY OF BEAVER COUNTY; ANTHONY J. BEROSH, *Assistant District Attorney or ADA;* and KEVIN A. KINDRED, *Assistant District Attorney or ADA*, | ) ) ) ) ) ) |
|     Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.     RECOMMENDATION

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) based on the Defendants' absolute immunity.

II.     REPORT

Plaintiff, James M. Malarik, an inmate confined at the Allegheny County Jail (ACJ), commenced this action against the Office of the District Attorney for Beaver County, the District Attorney and one Assistant District Attorney employed by that office. For the reasons that follow, the Complaint should be dismissed because Defendants are entitled to absolute immunity from liability in this action.

A. *Standard of Review*

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims in that Act is applicable to this case.

Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and the Defendants are an employees of a government entity, the County of Beaver. Moreover, he is proceeding IFP in this action (doc. no. 2). Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

In reviewing complaints under 28 U.S.C. § 1915A & 28 U.S.C. § 1915(e)(2)(B), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).

### B. Absolute Immunity

Plaintiff seeks to impose liability against Defendants based on their actions in prosecuting various criminal charges against Plaintiff which were dismissed after his preliminary hearing. As discussed below, Defendants cannot be held liable in this action based on the doctrine of absolute immunity.

In this regard, in a limited number of circumstances, government officials are entitled to absolute immunity from a suit for damages. Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). The grant of absolute immunity from suit has been used "quite sparing," and is confined to official functions in which the exposure to liability would invariably impede the official in the performance of his or her duties. Forrester v. White, 484 U.S. 219, 223-24 (1988).

Judges generally are accorded absolute immunity in the performance of "truly judicial acts" performed within their lawful jurisdiction. Forrester, 484 U.S. at 226-27. Certain other specified officials, such as administrative law judges, and federal and state prosecutors, enjoy absolute

3

immunity in the performance of functions that are "closely associated with the judicial process." Cleavinger v. Saxner, 474 U.S. 193, 200 (1985). Absolute immunity shields not only these decisionmakers, but also other individuals who perform discretionary tasks that play an integral part in the decisionmaking process. *Id.* Thus, where the official's responsibilities are closely analogous to the adjudicative functions of a judge, or are intimately associated with the judicial process itself, that official may enjoy absolute immunity from suit for actions taken to fulfill those particular responsibilities. Buckley v. Fitzsimmons, 509 U.S. at 271.

Prosecutors are subject to varying levels of official immunity. It is well established that a state prosecuting attorney is absolutely immune from liability under 42 U.S.C. Section 1983 for his or her actions which are related to the initiation and prosecution of a criminal action. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). *See also* Burns v. Reed, 500 U.S. 478 (1991). The immunity extends to responsibilities discharged in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior "intimately associated with the judicial phases" of litigation. "[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of prosecution and actions apart from the courtroom." Imbler, 424 U.S. at 431 n. 33.

The decision to initiate a prosecution is at the core of a prosecutor's judicial role. Imbler, 424 U.S. at 430-31. In that regard, a prosecution in protected by the doctrine of absolute immunity, even where he acts without a good faith belief that any wrongdoing has occurred. Rose v. Bartle, 871 F.2d 331, 346 (3d Cir. 1989). Relatedly, harm to a falsely-charged Defendant is remedied by safeguards built into the judicial system (probable cause hearings, dismissal of the charges) and into the state codes of professional responsibility. Burns, 500 U.S. at 485. *See also* Ernst v. Child and Youth Services of Chester County, 108 F.3d 486 3d Cir. 1997) (caseworkers were

4

entitled to absolute immunity for their actions discharged on behalf of state in preparing for, initiating, and prosecuting dependency proceedings); Kulwicki v. Dawson, 969 F.2d 1454, 1464 (3d Cir. 1992) (even groundless charges are protected by absolute immunity in the interest of maintaining the vigorous prosecution of the crime).

Plaintiff has failed to allege any facts that would indicate that any of the Defendants are not entitled to absolute prosecutorial immunity for their actions in initiating a prosecution against Plaintiff in his criminal action. Plaintiff does not cite to any specific act attributable to any Defendant upon which he bases his civil rights claim other than the fact that the charges ultimately were dismissed against him. Complaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation. Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 39 (1st Cir. 1992). Although this Court is required to construe *pro se* pleadings liberally, it is not permitted to assume the role of Plaintiff's advocate and research whether there are any cognizable legal theories to support his conclusory allegations. Buerger v. Southwestern Bell Telephone Co., 982 F. Supp. 1247 (E.D. Tex. 1997); Soling v. New York State, 804 F. Supp. 532 (S.D.N.Y. 1992).

Plaintiff's claim against Defendants concerns the manner in which they prosecuted criminal charges before the Court of Common Pleas of Beaver County. Defendants are entitled to absolute immunity for such conduct. As such, Plaintiff's allegations are insufficient to state a claim upon which relief may be granted against Defendants and his Complaint should be dismissed under the PLRA. *Accord* Pratt v. Capozzo, 107 F.3d 873 (Table), 1997 WL 73817 (7th Cir. Feb 19, 1997) (plaintiff's vague allegations of conspiracy by defense attorney, prosecutor, and probation officer dismissed as frivolous); Cain v. Commonwealth of Virhinia, 982 F. Supp. 1132, 1134 (E.D. Va. 1997) (plaintiff's claim against prosecutor dismissed under 28 U.S.C. §§ 1915A, 1915(e)(2)).

5

III.	CONCLUSION

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) based on the Defendants' absolute immunity.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

December 20, 2007                                             <u>Lisa PupoLenihan</u>
                                                              Lisa Pupo Lenihan
                                                              U.S. Magistrate Judge

cc.	The Honorable Donetta W. Ambrose
	United States District Judge, Chief

	James M. Malarik, No. 130218
	Allegheny County Jail
	950 Second Avenue
	Pittsburgh, PA 15219-3100

	James M. Malarik
	P.O. Box 572
	Ambridge, PA 15003